**Shellie CROTHERS, Appellant,**

v.

**TRUCK INSURANCE EXCHANGE, Appellee.**

No. 11363.

Court of Civil Appeals of Texas.

Austin.

Feb. 23, 1966.

Rehearing Denied March 16, 1966.

J. R. Owen, Taylor, Byrd, Davis & Eisenberg, Tom H. Davis, Austin, for appellant.

Barkley & Cutcher, Taylor, Coleman Gay, Austin, for appellee.

PHILLIPS, Justice.

This is a workmen's compensation case. In the trial court Shellie Crothers, the appellant here, was plaintiff and the Truck Insurance Exchange, the appellee here, was the defendant.

Appellant sustained an injury on January 20, 1964 while in the course and scope of his employment in Taylor, Texas.

Trial to a jury resulted in a verdict of 72 weeks of temporary total incapacity followed by no partial incapacity. The appellee having expressly waived its defense of prior contributing injuries, judgment was entered on this verdict. From this judgment the appellant has appealed.

We reverse the judgment of the trial court and remand this case for trial.

Appellant was 38 years old. He had only one year of schooling and could not read or write. He had started working on his father's farm when he was ten years old and had done manual labor all of his life.

Appellant first hurt his back in 1957, but after a few months was able to return to work. He hurt his back again in 1962. This injury resulted in an operation from which he recovered in about a year. He then operated a filling station and later in December, 1963, went to work for the Kerr-Ban Manufacturing Co., where he again hurt his back in January of 1964. Since such injury he has worn a back brace at all times and has continued to take medication daily. Other than several brief attempts at odd jobs, appellant has not worked since this injury.

Appellant is before us on nine points of error, however as we sustain his first, third and seventh points, we need not discuss the others.

■ Appellant's first point of error is that inasmuch as the uncontradicted evidence shows the appellant's disability to be permanent, the jury's answer to special issue No. 5 was not supported by the evidence; appellant's third point is that inasmuch as the uncontradicted evidence shows that the appellant's disability was permanent, the jury's answer to special issue No. 6 was not supported by the evidence; appellant's fifth point of error is that inasmuch as the uncontradicted evidence showed that the appellant had some permanent disability, the answer of the jury to special issue No. 7 was not supported by the evidence. Appellant's second, fourth and sixth points are that such findings are against the great weight and preponderance of the evidence.

In special issue No. 5 the jury found that appellant's total incapacity was temporary; in special issue No. 6 the jury found that the duration of the total temporary incapacity was 72 weeks; in special issue No. 7 the jury found that appellant had not sustained or would not sustain any partial incapacity following the injury.

There is no need to go into extensive detail over the medical history of appellant's injuries, the treatment and his resultant incapacity.

Dr. Lowery, a qualified orthopedic surgeon who had examined appellant at appellee's request testified that when he saw appellant in March of 1964 he had a ruptured disc and would be unable to use his back without experiencing severe pain. Dr. Lowery further testified that he did not think appellant could do lifting, bending or prolonged standing, and that prolonged sitting and walking over an extended distance would cause him trouble. He further testified that there was nothing appellant could do requiring the use of his back over an extended time without having considerable trouble. Dr. Lowery testified that appellant's condition was permanent.

We hold there is no competent evidence in this record from which the jury could have found that the appellant's condition was other than as Dr. Lowery described it and that their findings to the contrary are against the great weight and preponderance of the evidence.

Appellee contends that there was evidence to the contrary such as the right of the jury to take into consideration the length of time normally required for appellant to recover from a back injury sufficiently to go back to work. Their right to consider the opinion of a certain Dr. Brindley, who was not called as a witness, that he "would probably recommend" that appellant was able to drive a small bus. Appellee also cites appellant's failure to call either of the treating doctors.

■ Appellee also cites Coxson v. Atlanta Life Insurance Co., 142 Tex. 544, 179 S.W.2d 943, for the authority that ex-

**584**

pert medical opinion is not binding upon a jury where lay witnesses had given testimony that conflicted with that of the medical experts. Coxson is not in point here. There is insufficient evidence here for the jury to have found as they did and such findings are against the great weight and preponderance of the evidence. 38 Tex. Law Rev. 362. There is no evidence from which the jury could have concluded that appellant's back injury could last 72 weeks. The opinion that was attributable to Dr. Brindley was hearsay, consequently not competent evidence and had it not been hearsay, it was too conjectural to be competent.

We reverse the judgment of the trial court and remand this cause for trial.

Reversed and remanded.